**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| NATALIE JOE ARNO,<br><br>     Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CAPITAL ONE, N.A., and CITIBANK, N.A.,<br><br>     Defendants. | **Case No.**: 2:26-cv-01286<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Natalie Joe Arno, ("Plaintiff"), by and through the undersigned counsel, brings this action against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") (collectively the "CRA Defendants"), Capital One, N.A. ("Capital One") and Citibank, N.A. ("Citibank") (collectively, the "Furnisher Defendants") and states as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in this District under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff resides in Burlington, Wisconsin and is a "consumer" as defined under the

1

FCRA, 15 U.S.C. § 1681, *et seq*.

5. Equifax is a consumer reporting agency with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

6. Experian is a consumer reporting agency with a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

7. Trans Union is a consumer reporting agency with a principal place of business located at 555 West Adams Street, Chicago, IL 60661.

8. Capital One is a bank with a principal place of business located at 1680 Capital One Drive McLean, VA 22102, and is authorized to do business in the State of Wisconsin, including within this District.

9. Citibank is a bank with a principal place of business at 5800 S. Corporate Pl Sioux Falls, SD 57108, and is authorized to do business in the State of Wisconsin, including within this District.

10. Capital One and Citibank are credit grantors and "furnishers" of consumer information under the FCRA, 15 U.S.C. § 1681s-2(b).

## FACTS

### Court Ordered Amortization of Plaintiff's Debts

11. On or about October 20, 2023, upon Plaintiff's petition, a Wisconsin Circuit Court ordered as follows:

    (a) The amortization of selected debts belonging to Plaintiff, including accounts with Capital One and Citibank;

    (b) The appointment of a trustee (the "Trustee") tasked with distribution of payments to creditors;

(c)  That Plaintiff's employer deduct a portion of her paycheck to be sent to the Trustee; and

(d)  That creditors of the selected debts were barred from seeking claims against Plaintiff.

12.  The selected debts included, *inter alia*, two (2) credit cards accounts with Capital One ending in 2955, later changed to 8812, ("CO Account 2955/8812") and 8478 ("CO Account 8478"), one (1) credit card account with Citibank ending in 0867 ("CB Account 0867"), and one (1) loan account, also with Citibank, ending in 3848 ("CB Account 3848").

13.  On or about October 23, 2023, the Trustee issued notice to Capital One, Citibank and other creditors, of the court ordered amortization of selected debts and the payment plan with no further accruing interest, late charges, or related administrative fees over a three-year period, subject to court approval.

14.  On or about December 1, 2023, the Court approved the amortization plan.

15.  On or about December 7, 2023, the Trustee issued the first payments to Capital One, Citibank and other creditors and, thereafter, continued payments per the amortization plan.

**Plaintiff's Payoff to Capital One and Citibank**

16.  On December 16, 2025, the Trustee issued payoff checks to Capital One for CO Account 2955/8812 and CO Account 8478, but Capital One did not apply the payments.

17.  On December 16, 2025, the Trustee also issued payoff checks to Citibank for CB Account 0867 and CB Account 3848, and Citibank applied payment for CB Account 0867 but failed to process the check for CB Account 3848 and returned it.

18.  On January 30, 2026, the Trustee reissued payoff checks to Capital One for CO Account 2955/8812 and CO Account 8478, and Capital One applied both payments.

3

19. On February 5, 2026, the Trustee reissued a payoff check to Citibank for CB Account 3848, but Citibank failed again to process the check and returned it.

20. On March 6, 2026, the Trustee reissued a payoff check to Citibank for CB Account 3848, and Citibank applied payment.

21. By letter dated March 12, 2026, Defendant Citibank told Plaintiff that CB Account 0867 was paid in full.

**Plaintiff's Disputes with Capital One and Citibank**

22. Throughout the payment plan period and afterwards, Defendants Capital One and Citibank sent Plaintiff past-due notices on her subject accounts, contrary to the terms of her payment plan and in violation of the court order.

23. Throughout the payment plan period and afterwards, Capital One reported both Plaintiff's CO Account 2955/8812 and her CO Account 8478 as past due and derogatory.

24. Throughout the payment plan period and afterwards, Citibank reported Plaintiff's CB Account 0867 as past due and charged off and her CB Account 3848 as past due with accruing interest leading to an unpaid balance.

25. In February of 2026, Plaintiff obtained and reviewed copies of her credit reports that contained inaccurate information regarding her subject accounts with Capital One and Citibank.

26. On February 26, 2026, Plaintiff disputed Capital One and Citibank's reporting, requesting the removal of the delinquent reporting and inaccurate balance. Plaintiff included supporting documentation, including her account number, check numbers, payment history, and the Trustee's documents.

27. On March 12, 2026, Citibank responded that CB Account 0867 had a $0 balance,

4

even though the basis of Plaintiff's dispute was that the trustee made timely payments pursuant to the Court's order and that her payments on the account were not late.

28. On March 12, 2026, Capital One responded to Plaintiff's disputes, indicating it could not locate her accounts.

29. On April 3, 2026, Plaintiff disputed the CO Account 2955/8812 and her CO Account 8478 directly with Capital One, requesting the removal of the delinquent reporting and inaccurate balance. Plaintiff attached supporting documentation, including her account number, check numbers, payment history, and the Trustee's documents.

30. On April 3, 2026, Plaintiff also disputed the CB Account 0867 and CB Account 3848 directly with Citibank, requesting the removal of the delinquent reporting and inaccurate balance with supporting documentation, including her account number, check numbers, payment history, and the Trustee's documents.

31. Plaintiff remained distressed because the furnishers' responses failed to reconcile the inaccurate, derogatory information that they were reporting about her. The court-ordered amortization plan, the trustee-administered payments, the payoff information, and additional documents she provided prove that their reporting was inaccurate. But her disputes were fruitless.

**Plaintiff's Disputes to CRA Defendants**

32. In April of 2026, concerned about the inaccurate reporting of the subject accounts, Plaintiff obtained and reviewed credit reports from each of the CRA Defendants.

33. Equifax and Experian inaccurately reported CO Account 8478 and CO Account 2955/8812 with multiple late payment markers, despite timely payments by the Trustee.

34. Trans Union placed CO Account 8478, CO Account 2955/8812, and CB Account 0867 in the "Accounts with Adverse Information" section of its report as a charge-off, despite

5

timely payments by the Trustee.

35.     Equifax and Experian inaccurately reported CB Account 0867 with multiple late payment markers, despite timely payments by the Trustee.

36.     The CRA Defendants all reported Plaintiff's CB Account 3848 as open and past due, despite timely payments by the Trustee.

37.     The CRA Defendants' reports show four (4) of Plaintiff's accounts as past due across multiple years and derogatory, even though she paid every installment on time under a court-approved plan and paid the accounts in full, materially misrepresenting Plaintiff's creditworthiness.

38.     On April 14, 2026, Plaintiff mailed dispute letters to the CRA Defendants by certified mail, wherein she identified the four (4) inaccurately reported accounts and explained the court-approved plan and the Trustee's meticulous payment schedule with enclosed supporting documentation.

**Unreasonable Dispute Reinvestigations by the CRA Defendants**

39.     On April 21, 2026, Trans Union responded to Plaintiff's dispute but did not resolve the inaccuracies it reported.

40.     On April 24, 2026, Equifax responded to Plaintiff's dispute but did not resolve the inaccuracies it reported.

41.     On April 29, 2026, Experian responded to Plaintiff's dispute but did not resolve the inaccuracies it reported.

42.     Upon information and belief, the CRA Defendants sent Capital One and Citibank automated credit dispute verifications ("ACDV") pursuant to Plaintiff's April 14, 2026, disputes to the CRA Defendants.

6

43.     Capital One and Citibank, as furnishers, had an obligation under the FCRA to conduct a reasonable reinvestigation with respect to the disputed credit account and review all relevant information provided by the consumer with the dispute to determine whether the disputed credit account information is accurate and/or belongs to the disputing consumer.

44.     On June 11, 2026, Plaintiff obtained and reviewed updated credit reports from the CRA Defendants.

45.     The updated credit reports continued to report Plaintiff's four (4) subject accounts inaccurately.

46.     Despite Plaintiff's detailed and documented disputes, the CRA Defendants did not correct the inaccurate derogatory payment history from the (4) subject accounts in a manner that fairly reflected the trustee-administered payments.

47.     Upon information and belief, the CRA Defendants failed to adequately review all of the information provided to them by Plaintiff in support of her disputes.

48.     Upon information and belief, the CRA Defendants failed to conduct a reasonable reinvestigation of Plaintiff's disputes.

49.     The CRA Defendants failed to conduct reasonable reinvestigations of Plaintiff's disputes or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Unreasonable Dispute Reinvestigations by Capital One and Citibank**

50.     In or about April of 2026, upon information and belief, Capital One and Citibank received the CRA Defendants' ACDVs and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff.

7

51. Upon information and belief, Capital One and Citibank failed to review all relevant information provided by the CRA Defendants regarding Plaintiff's multiple disputes.

52. Upon information and belief, Capital One and Citibank verified the disputed information as accurate to the CRA Defendants in or about April 2026.

53. In or about April of 2026, upon information and belief, Capital One and Citibank received the CRA Defendants' multiple ACDVs and failed to conduct a reasonable investigation with respect to the information disputed by Plaintiff.

54. Upon information and belief, Capital One and Citibank failed to review all relevant information provided by the CRA Defendants regarding Plaintiff's disputes.

55. In or about April 2026, upon information and belief, Capital One and Citibank verified the disputed information as accurate to the CRA Defendants.

56. Capital One and Citibank violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to modify, delete, or permanently block the disputed information that was inaccurate, incomplete or unverifiable.

57. Plaintiff reasonably believes that Capital One and Citibank continued to furnish inaccurate data to the CRA Defendants, reporting that the four (4) subject accounts remained derogatory, delinquent, charged off, past due, and/or owing balances.

58. Plaintiff reasonably believes that Defendants continued to publish inaccurate and derogatory information concerning the inaccurate credit accounts, including adverse payment history, charge-off-related reporting, past-due status, balance information, and/or other derogatory account information.

59. As a result of the inaccurate and derogatory reporting, Defendants made it

8

practically impossible for Plaintiff to continue to obtain credit.

<b>Plaintiff's Damages</b>

60. Between December 2025 and January 2026, Plaintiff refinanced her mortgage with Educators Credit Union, which reviewed Plaintiff's credit reports from each of the CRA Defendants in setting her rate. Plaintiff sought a conventional mortgage but was offered rates that were too high to manage and was forced into an adjustable-rate mortgage. As such, her current payments are higher, so the rate difference carries a significant recurring cost. Had Defendants reported the accounts accurately, the financing terms available to Plaintiff would have been more favorable.

61. On April 25, 2026, Plaintiff applied for a Capital One/Menards credit card and was approved with unfavorable terms based on reporting from the CRA Defendants. Had the CRA Defendants reported the four accounts accurately, Plaintiff would have received better terms.

62. At all times pertinent hereto, the conduct of Defendants, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

63. As a standard practice, the CRA Defendants do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the credit furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230-31 (D.N.M. 2006); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

64. Defendants are aware of the shortcomings of their procedures and intentionally choose not to comply with the FCRA to lower their costs. Accordingly, Defendants' FCRA

9

violations are willful.

65.     Each CRA Defendant received Plaintiff's disputes enclosing the court records, Trustee documentation, and check numbers proving that the accounts were paid on time and in full, yet each verified the inaccurate information or made only cosmetic updates.

66.     The inaccurate reporting caused Plaintiff significant emotional distress, including stress and anxiety, fear for her job stability, teeth grinding, sleeplessness, loss of appetite, embarrassment and fear of applying for credit, frustration at repeatedly having to prove she had paid debts she had in fact paid, and the feeling that no one believed her even though she was paying.

**COUNT I**
**Violations of 15 U.S.C. § 1681e(b)**
**(Against Defendants Equifax, Experian, and Trans Union)**

67.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

68.     The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning Plaintiff.

69.     As a result of the CRA Defendants' conduct, action, and inaction, Plaintiff suffered damages as alleged herein.

70.     The CRA Defendants' conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

71.     Plaintiff is entitled to recover attorneys' fees and costs from the CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

10

**COUNT II**
**Violations of 15 U.S.C. § 1681i**
**(Against Defendants Equifax, Experian, and Trans Union)**

72.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

73.     The CRA Defendants violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation(s) of Plaintiff's dispute(s) after Plaintiff notified them that her accounts were being reported with inaccurate adverse payment history, and other derogatory account information, and by failing to maintain reasonable procedures to investigate Plaintiff's dispute(s).

74.     As a result of the CRA Defendants' conduct, action, and inaction, Plaintiff suffered damages as alleged herein.

75.     The CRA Defendants' conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

76.     Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III**
**Violations of 15 U.S.C. § 1681s-2(b)**
**(Against Defendants Capital One and Citibank)**

77.     Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

78.     Defendants Capital One and Citibank furnished the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax, Experian, and Trans Union.

79.     Defendants Capital One and Citibank violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute, or otherwise by failing to fully and properly investigate Plaintiff's

11

dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax, Experian, and Trans Union; and, by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Equifax, Experian, and Trans Union.

80.     As a result of Defendants Capital One and Citibank's conduct, action, and inaction, Plaintiff suffered damages as alleged herein.

81.     Defendants Capital One and Citibank's conduct, action, and inaction were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

82.     Plaintiff is entitled to recover attorneys' fees and costs from Defendants Capital One and Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enters a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: July 22, 2026

By:/s/ *Yaear Weintroub*
Yaear Weintroub NY Bar No. 6153431
*Attorneys for Plaintiff Natalie Joe Arno*
**CONSUMER ATTORNEYS**
68-29 Main Street
Flushing NY 11367
T: (718) 576-1863
F: (718) 247-8020
E: yweintroub@consumerattorneys.com
